## Case No. 13,353.

STEIN et al. v. GODDARD et al.

[1 McAll. 82.] [1]

Circuit Court, California. [2] July Term, 1856.

PLEADING AT LAW—PATENTS—CASE—ASSIGNMENT—JOINDER.

The infringement of a patent is a tort; but as the wrongful act is not committed with direct force, the form of action is that description of tort called trespass on the case. *Held,* the assignees of a patent, though it is conveyed to them in separate, undivided parts, may all join at the time of the infringement with the holders of the title, in an action for the recovery of damages for an infringement of the patent.

The action was brought to recover damages for the alleged violation of a patent. The plaintiffs sue as assignees of the patent for the state of California. A demurrer was filed by defendants; and the ground on which it rested was, that the complaint or declaration showed upon its face that the assignment of the patent to the plaintiffs is for separate interests, one undivided third part being assigned to one, and two undivided third parts to the other plaintiffs.

Shafter, Park & Shafter, for plaintiffs.
Crockett & Page, for defendants.

McALLISTER, Circuit Judge. It is argued that the interests of the plaintiffs as assignees being separate, they cannot maintain a joint action. This is the sole ground on which the demurrer rests. To sustain it, reference has been made by counsel for the demurrer to various authorities collated in 1 Chit. Pl. 10. These cases affirm the familiar principle that in actions arising ex contractu, where the legal interest and cause of action of the covenantees are several, each may and should sue separately for the particular damages resulting to him individually. This principle and these authorities do not apply to the case at bar. Here, the legal interest is joint. The quality of the interest is not destroyed or affected by the quantity in which it is distributed. The whole joint interest in this patent for the state of Calfornia is in the plaintiffs, and for an injury to that interest they may sue jointly. The authorities cited apply exclusively to actions ex contractu, and have no application to this action, which is not brought on a joint contract, but founded on tort. The infringement of a patent is a tort; but as the wrongful act is not committed with direct force, and the injury is the indirect effect of the wrongful act of the defendant, the form of action is that description of tort called "trespass on the case." Hind. Pat. 252. The cases which do apply to the present, are to be found in 1 Chit. Pl. 113. These assert the principle that "when two or more persons are jointly entitled, or have a joint legal interest in the property affected, they must in general join in the action, or the defendant may plead in abatement, and though the interest be several, yet if the wrong complained of caused an entire joint damage, the parties may," &c. If there could be any doubt on this point, it is dissipated by authority. Hindmarch (Pat. 252) tells us, if a patent has been assigned in several shares, all the assignees may join in bringing an action; and it is conceived it makes no difference whether the title of the several assignees accrues to them by only one or several deeds. In Whittemore v. Cutter [Case No. 17,600], a joint action for the violation of a patent was sustained, which had been brought by the patentee and his assignee. "The statute (say the court) gives to the assignee all the right and responsibility which the original inventor had in the undivided portion of the patent which is conveyed; and an action may well be maintained by all the parties who at the time of the infringement are the holders of the title." In the case at bar, the plaintiffs allege themselves to be the owners of the whole title and interest in the state of California; and this is admitted by the defendants' pleading.

The demurrer in this case is hereby overruled, and an order will be entered accordingly; and it is further ordered that defendants pay costs, which shall be entered in the order overruling the demurrer.

=======

STEINBERG (CLAFLIN v.). See Case No. 2,777.

STEINBROOK (MUNGOSAH v.). See Case No. 9,924.

---